IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-187-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KENNETH WADE LODGE, ) | |
| Defendant. ) | |

This matter is before the Court on defendant Kenneth Wade Lodge's motions for declaratory relief [DE 152] and challenging his sentence [DE 172]. For the following reasons, the motions are denied.

On September 6, 2016, following his conviction for conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, cocaine base, and marijuana, defendant was sentenced to a term of 60 months' incarceration in the Bureau of Prisons. Defendant is an alien subject to deportation, and upon completion of his term of imprisonment, immigration authorities will begin deportation proceedings.

On November 13, 2017, defendant filed a *pro se* motion challenging the BOP's failure to establish the Institutional Hearing Program ("IHP") at Rivers CI, the prison at which he is housed. The IHP allows eligible inmates to go through their removal proceedings while serving their prison term. This means an inmate can be immediately deported following the conclusion of his sentence, instead of being transferred to the custody of Immigration and Customs Enforcement ("ICE") for an additional period of confinement until the removal proceedings have concluded. Defendant has asked for relief in three ways: that the BOP implement the IHP at Rivers CI, transfer him to a facility that has the IHP, or reduce his sentence by 10% or up to one

year, so that he can be transferred more quickly to ICE's custody. On November 17, 2017, defendant filed a second *pro se* motion. This motion alleges that his federal sentence is unconstitutional, and also moves for a retroactive recalculation of his pre-sentence jail credit.

Before challenging prison conditions, a defendant must exhaust his administrative remedies. 42 U.S.C. § 19973(a). This exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 527 (2002). Whether the relief he seeks is available under the administrative process is irrelevant. *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016).

By moving either for the Bureau of Prisons to establish an IHP at Rivers CI or transfer defendant to a facility that has an IHP, defendant is challenging his prison conditions. Accordingly, he must first exhaust his administrative remedies. As he has not done so, his motion is denied.

Defendant also moved for his federal sentence credited with the time served on his state sentence. A defendant can challenge the computation of his sentence by bringing a challenge via a petition for writ of habeas corpus under 28 U.S.C. § 2241 after exhausting his administrative remedies. The BOP has the authority to determine pre-sentence jail credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992). By moving for a change in the calculation of his pre-sentence jail credit, defendant is challenging the computation of his sentence. To do that in this court, he must bring a § 2241 petition, which he has not done. For this reason, defendant's motion here is denied.

Defendant also argues that his federal sentence is unconstitutional. He claims he has been prosecuted twice for the same conduct, in violation of the double jeopardy clause of the Fifth Amendment. U.S. Const. Amend. V. The Supreme Court has ruled squarely that prosecution for the same conduct by separate sovereigns cannot constitute a violation of the double jeopardy

clause. *Abbate v. United States*, 359 U.S. 187, 194 (1959). As this is what defendant is alleging, his claim fails.

Finally, defendant moved for this Court to reduce his federal sentence to accommodate the time he would spend in deportation proceedings after his sentence concludes. Defendant has cited *United States v. Smith* to support his motion. 27 F.3d 649, 655 (D.C. Cir. 1994). The Court there took the possible effects of defendant's status as a deportable alien into account when fashioning a sentence. But there, unlike here, the Court was acting at time of sentencing. A court has limited ability to modify a lawful term of imprisonment post-sentencing. 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35. Defendant has not moved under § 3582(c). [DE 152 at 1]. Rule 35 provides for relief when there is an arithmetic, technical, or other clear error, or the government has moved for reduction. None of that is present here. Accordingly, this Court is without power to reduce defendant's sentence.

For the foregoing reasons, defendants motions [DE 152; 153] are DENIED.

SO ORDERED, this 20 day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE